### J. P. MORGAN v. THE STATE.

#### No. 1052. Decided April 5, 1911.

**1.—Disorderly House—Information—Repeal of Law.**

Section 25 of the so-called Robertson-Fitzhugh liquor law passed by the Thirty-first Legislature did not repeal the Act of the Thirtieth Legislature defining the offense, and punishing persons for keeping a disorderly house.

**2.—Same—Charge of Court—Defensive Matter—Subterfuge.**

Where, upon trial of keeping a disorderly house, defendant contended .and introduced evidence that he had no connection with that part of the building in which lewd women, etc., were permitted to enter and conduct themselves in a lascivious manner, and requested a charge thereon, it was reversible error not to submit this phase of the case; and this although such defense may have been a subterfuge.

Appeal from the County Court of McLennan. Tried below before the Hon. Tom L. McCullough.

Appeal from conviction of keeping a disorderly house; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

. *W. D. Taylor* and *J. W. Taylor,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.,

HARPER, JUDGE.—In this case the appellant is charged with keeping a disorderly house, in that he was a person having a malt liquor dealer's license and unlawfully permitted lewd women and women of bad reputation for chastity to display and conduct themselves in a lascivious and indecent manner in the house and place where he conducted said premises as a retail malt liquor dealer.

There is a motion to quash the information and complaint, on the

ground that the Act of the Thirtieth Legislature defining and punishing people who keep a disorderly house, is repealed by section 25 of the Robertson-Fitzhugh liquor law passed by the Thirty-first Legislature. By reading section 25 of the Act of the Thirty-first Legislature and that clause of the Thirtieth Legislature under which defendant is prosecuted, we do not think they are repugnant. The motion to quash was properly overruled.

The evidence in this case shows that appellant owns or occupies a building on the corner of Second and Franklin Streets in the city of Waco, and that he was running a saloon in the front end of the building, facing Franklin Street. In this building, the witnesses say, is a partition wall, with a door in the partition. The rear part has a door opening on Second Street. In this part is a restaurant. The State's witnesses testify positively to seeing lewd women in the restaurant part of the building at the date alleged in the information, and that they were conducting themselves in a lascivious and indecent manner. One witness testifies that he purchased beer in the front part of the building and it was sent back to them in the rear of the partition wall, and the women drank beer there with him. That defendant was present, taking part in the improper conduct. Defendant denies being present, and denies any knowledge of the acts testified to by State's witness. He also says that Charley Taylor is the lessee of that part of the building in which the restaurant is situated, and that Taylor owns the restaurant and he has no connection with it. Defendant's witnesses, Charley Taylor, Reese and Upchurch, all testify that Taylor runs the restaurant and has the control and management of it. No witness testifies that defendant is the owner of the restaurant, but such circumstances as that Taylor is a porter in the saloon, pays only nominal rent, etc, is in evidence and a jury, under a proper charge, might find that the claim made by defendant and Taylor that defendant has no connection with the restaurant, is a subterfuge adopted to enable defendant to sell intoxicating liquors to lewd women, it being shown that women of that character live in that section of the town. This phase, however, was not presented by the court in his charge to the jury. In his charge the court says: "Any room or part of a building or other place appropriated or used for keeping spirituous, vinous or malt liquor for sale, and any such room or part of a building used or appropriated in connection with the sale of such liquors, and where prostitutes, lewd women or women of bad reputation for chastity are permitted to display or conduct themselves in a lewd, lascivious or indecent manner, is a disorderly house," wholly ignoring the defense of defendant, his contention being that he had no connection with the restaurant; that that part of the building was rented and controlled by another, and he had no control over it. It may be that the court did not believe this testimony, but our decisions all hold that however slight the testimony, or whether the court believes it or not, the

issue must be submitted to the jury for their determination, and especially is this true when defendant requests a special charge presenting the question. The defendant requested the court to charge the jury:

"If you find from the evidence that the restaurant adjoining the saloon in which lewd women and women of bad reputation for chastity were permitted to enter and display and conduct themselves in a lascivious and indecent manner, was not under the care, control and management of the defendant Morgan, but was in possession of the witness Taylor as a tenant, and that the witness Taylor had the care, custody and control and management thereof, then you will find the defendant not guilty."

Under the evidence in this case, we do not think this special charge should have been given as written, but it called the attention of the court to the claim of defendant that he was in no way connected with that part of' the building, and the charge should have informed the jury in a proper manner that if defendant had no connection with the restaurant, and no control over that part of the building, and it was in fact the property of Charley Taylor, defendant would not be guilty if the lewd women went only in part of the building. If the court thought this defense was a subterfuge, and under the evidence the defendant had control of that part of the building and it was being run as an adjunct to the saloon by defendant, he could have submitted that issue to the jury for their determination. It was error for the court to ignore the defendant's contention and instruct the jury to find defendant guilty if the women went into any part of the building. In Black v. State, 38 Texas Crim. Rep., 48, it is said: "Whether the court credits the testimony of defendant's witnesses or not, the issues presented by their testimony must be submitted to the jury by appropriate instructions. See also Richardson v. State, 9 Texas Crim. App., 612; Burkhead v. State, 18 Texas Crim. App., 599; Moore v. State, 15 Texas Crim. App., 1.

The defendant is shown to have rented the room to Taylor, under his evidence, and if he were prosecuted under that section of the statute, the evidence would be sufficient to sustain the conviction, but he is prosecuted as a "keeper of a disorderly house," and for the error pointed out this case must be reversed. The evidence does not show there were any women in the saloon proper. The contentions all hinge around the question herein discussed, and it is not necessary to notice them further, for if the case is tried upon the theory herein mentioned, they will not likely occur in another trial.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*